IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| West Valley Child Crisis Center, Inc., | No. CV10-1386-PHX-NVW |
| Appellant, | **ORDER AND OPINION** |
| vs. | |
| Westfest, LLC, | |
| Appellee. | |

Appellant West Valley Child Crisis Center, Inc. appeals the decision of the bankruptcy court, which ordered the lease between Appellant and Appellee Westfest, LLC rejected effective May 10, 2010, the date of the bankruptcy court's order rejecting the lease. For the reasons stated below, the Court affirms the decision of the bankruptcy court.

**I.  Background**

West Valley Child Crisis Center, Inc. (hereinafter "West Valley") is a charitable organization that predominately serves neglected and at-risk children. In November 2008, West Valley entered into a five-year lease with Westfest, LLC for space in a commercial shopping center, which was to be used by West Valley as a thrift store. West Valley notified Westfest by July 2009 that, due to the failure of the thrift store, West Valley would not be able to fulfill its obligations under the lease. West Valley vacated the premises by October 2009. The parties began negotiations and entered into a standstill agreement as to future

1  rents on February 2010. The standstill agreement expired on March 29, 2010. On March 31,
2  2010, West Valley sought Chapter 11 bankruptcy protection.

3　　　　West Valley filed a Motion to Reject Nonresidential Real Property Lease Pursuant to
4  11 U.S.C. § 365 on April 7, 2010. (Doc. 15-1.) This motion did not specifically seek a
5  retroactive effective date for the rejection of the lease. In its response to West Valley's
6  motion, Westfest did not object to the rejection of the lease and noted that it was not
7  objecting because West Valley did not seek a retroactive rejection date. (Doc. 15-2.) West
8  Valley, in its reply brief, then sought a retroactive lease rejection date of March 29, 2010, the
9  date the standstill agreement had expired. (*Id.*)

10　　　　The bankruptcy court granted West Valley's motion to reject the lease at its May 10,
11  2010 hearing and ordered supplemental filings by the parties regarding the effective date of
12  the rejection. The bankruptcy court held an additional hearing on June 4, 2010, to hear
13  arguments regarding the retroactive rejection date. On June 15, 2010, the bankruptcy court
14  issued a final order denying any retroactive lease termination date and making the effective
15  lease termination date May 10, 2010, the date of its order granting the motion to reject the
16  lease. West Valley timely appealed to this Court pursuant to 28 U.S.C. § 158(a).

17  **II.    Legal Standard**

18　　　　A bankruptcy court "has discretion to grant a motion to reject a nonresidential lease
19  retroactively." *In re At Home Corp.*, 392 F.3d 1064, 1075 (9th Cir. 2004). The bankruptcy
20  court's decision to grant or deny a retroactive lease expiration date is reviewed for an abuse
21  of discretion. *Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 292 B.R. 195,
22  199 (Bankr. N. D. Cal. 2003) (*citing In re Thinking Machines Corp.*, 67 F.3d 1021, 1028 (1st
23  Cir. 1995)). An abuse of discretion occurs if a court "does not apply the correct law or rests
24  its decision on a clearly erroneous finding of fact." *Foster v. Skinner,* 70 F.3d 1084, 1087
25  (9th Cir. 1995). A reviewing court should not find an abuse of discretion "unless it has a
26  definite and firm conviction" that the court below committed a clear error in its judgment
27  after weighing the relevant factors. *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334,
28  1337 (9th Cir. 1985).

1  **III.  Analysis**

2  "'In most cases a lease will be considered rejected as of the date of entry of the order
3  approving the rejection, and only in exceptional circumstances . . . will the court adopt a
4  retroactive date.'" *At Home*, 392 F.3d at 1072 (quoting *In re O'Neil Theatres, Inc.*, 257 B.R.
5  806, 808 (Bankr. E. D. La. 2000)). While a bankruptcy court thus has the "equitable power,
6  in suitable cases, to order a rejection [of a nonresidential lease] to operate retroactively[,]"
7  the "majority view" is that "the rejection of a lease becomes effective upon entry of a court
8  order approving a trustee's or debtor's motion to reject an unexpired nonresidential lease."
9  *Id.* at 1069.  The bankruptcy court here did not abuse its discretion by failing to set a
10 retroactive date for the rejection of the lease; rather, it found no "exceptional circumstances"
11 justifying a retroactive lease expiration date and accordingly made the rejection date effective
12 upon the date of its order granting West Valley's motion to reject the lease.

13 *At Home* sets out the governing principles regarding a bankruptcy court's exercise of
14 its equitable power to grant or deny a retroactive lease expiration date. 392 F.3d at 1072-75.
15 The court in *At Home* considered four factors which constituted exceptional circumstances
16 justifying the grant of a retroactive rejection date: 1) the debtor's immediate filing of a
17 motion to reject the lease, 2) the debtor's prompt action in setting a hearing on that motion,
18 3) the fact that the debtor had never occupied the leased premises, and 4) the creditor's
19 motivation in opposing a retroactive lease rejection date.  *Id.* at 1072.  While the court
20 considered those four factors in finding that the district court had not abused its discretion
21 in granting a retroactive rejection date, it made clear that it was "eschew[ing] any attempt to
22 spell out the range of circumstances that might justify the use of a bankruptcy court's
23 equitable powers" to grant a retroactive rejection date. *Id.* at 1075. The court noted that it
24 would not "limit the factors a bankruptcy court may consider when balancing the equities in
25 a particular case." *Id.*

26 Here, the bankruptcy court did not find sufficient grounds to warrant diverging from
27 the majority view and granting a retroactive lease expiration date. The bankruptcy court
28 found that the only factor favoring retroactive relief was the fact that West Valley had

1  vacated the leased premises prior to petitioning for a rejection of the lease.  The bankruptcy
2  court was not persuaded by any other factors proffered by West Valley to justify retroactive
3  relief, such as the charitable purpose of the organization.  Rather, the bankruptcy court found
4  that West Valley's one-week delay in filing its motion to reject the lease after it initiated
5  Chapter 11 proceedings, coupled with its failure to seek expedited consideration of its motion
6  and its failure to request a retroactive lease expiration date in its initial motion to reject the
7  lease, weighed against granting West Valley a retroactive lease expiration date.  Further, the
8  bankruptcy court found that Westfest's objection to retroactive relief was an attempt to
9  secure an administrative rent claim and not an obstructive measure.  Because the bankruptcy
10 court properly considered these appropriate factors in determining that West Valley was not
11 entitled to retroactive relief, it did not abuse its discretion.  *See At Home*, 392 F.3d at 1075.
12 We accordingly affirm the bankruptcy court's decision.

13        IT IS THEREFORE ORDERED that Appellant's appeal (Doc. 1) is denied, and the
14 decision of the United States Bankruptcy Court for the District of Arizona (Doc. 1) is
15 affirmed.  The Clerk is directed to terminate this action.

16        DATED this 12th day of November 2010.

18                              /s/ JOHN W. SEDWICK
                                UNITED STATES DISTRICT JUDGE